32810.   RESPESS *v.* LITES *et al.*

DECIDED MARCH 3, 1950.

*Mamie Booth, Francis Y. Fife,* for plaintiff.

FELTON, J.   The record shows that the petitioner was served

with a copy of the original petition for adoption on May 1, 1945, at Ben Hill Convict Camp. When it appeared from the evidence that at the interlocutory hearing petitioner was represented by counsel and that the issue as to whether the petitioner had abandoned his child had presumptively been judicially determined, the court refused to retry that issue, and on the question of the child's best interest, under the evidence in this case, denied the petition.

1. The order on the adoption petition, which was served personally on Julian Respess, set July 20, 1945 as a date for hearing the petition. The hearing was held on December 16, 1946, at which time the attorney for Julian Respess appeared and urged written objections to the adoption, which included a denial of abandonment. The order setting a date for a hearing of the question whether the interlocutory decree allowing adoption should be made final was dated January 2, 1948. As to notice its provision is: "It is further ordered that the clerk mail a copy of this notice to persons at interest as provided in Acts of 1941: Frank A. Bowers, attorney for Julian Respess, father of said child." This order is construed to mean that the court adjudged notice to the attorney to be in compliance with the act of 1941, and not that he delegated to the clerk the decision of the question as to who should be served. The requirement of the mailing of notice of the date set for the final hearing (Ga. L. 1941, p. 305, Ga. Code Ann. § 74-414), is a jurisdictional prerequisite, insofar as a natural parent charged with abandonment is concerned, as is the requirement of personal service in the first instance. The General Assembly elected to require that the notice be given to the party himself and made no provision for notice to an attorney or anyone else. This is true because the findings of the judge at the interlocutory hearing are not final and irrevocably binding on the court or parties. There is no limitation on the number or kind of objections which may be urged at the final hearing and the judge on a final hearing may make findings contrary to those made at an interlocutory hearing. In such serious matters as are involved in an adoption proceeding, nothing should restrict the judge in the solemn finding involving the adoption of a child, not even his findings on an interlocutory hearing. It will be noted that the original

order, with a copy of which the natural father of the child was served, showed the tentative date for the interlocutory hearing. The party so served could not know from the papers served when the final hearing would be; hence the requirement of the notice. If the court would be without jurisdiction to pass on the case if the party interested was not served personally in the first instance, giving notice as to the date of the interlocutory hearing, certainly it would be without jurisdiction to determine the case finally if strict compliance was not had with the specific requirement of notice as to the date of the final hearing when the final judgment was to be made. The general rules as to the authority of attorneys to represent clients do not apply to this case. The attorney appeared for petitioner at the interlocutory hearing and he is bound by the adjudications insofar as they could be binding. But who can say that the petitioner here would have continued to use the same lawyer when he had failed to have the petitioner at the hearing to fight for the right to retain his relationship to his child? He at least could have used his best efforts to be present at the hearing and would not have had to rely exclusively on his attorney. Since the jurisdictional prerequisite of notice of the date of the final hearing was not mailed to the petitioner, the judge was without jurisdiction to pass the final adoption order and the judge erred in denying the prayers of the petition on this ground alone.

*Judgment reversed. Sutton, C. J., and Worrill, J., concur.*